UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLANDO MAY,

        Petitioner,

                                                            Case Number 00-10420-BC

v.                                                          Honorable David M. Lawson

JEFFREY WOODS,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO REOPEN THE CASE AND TO APPOINT COUNSEL

This matter is before the Court on the two motions filed by the petitioner: a motion to obtain relief from the Court's order, filed pursuant to Fed. R. Civ. P. 60(b)(6), and a motion for appointment of counsel. The Court will deny both of the petitioner's motions.

Mr. May filed his petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court in 2000. The Court has considered the petition and on November 12, 2002, denied it along with the petitioner's request for an evidentiary hearing. A judgment in the matter was entered on the same day. On June 26, 2003, the Court denied the petitioner's motion for reconsideration and on June 30, 2003, the Court denied a certificate of appealability. The Sixth Circuit denied a certificate of appealability as well.

After the dismissal of his habeas case, Mr. May went back to the state trial court, where he moved again for a new trial claiming ineffective assistance of counsel and for an evidentiary hearing under *People v. Ginther*, 390 Mich. 436, 212 N.W.2d 922 (1973). However, the trial court denied both of his motions; the Michigan Court of Appeals affirmed the denial on April 20, 2007, and on November 29, 2007 the Michigan Supreme Court denied leave to appeal. Now, after the state courts have rejected his more recent motions, the petitioner now returns to a federal court.

Federal Rule of Civil Procedure 60(b) consists of six enumerated clauses specifying the grounds on which relief from a judgment or order may be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b). The petitioner relies on subparagraph (6), alleging that he was denied effective assistance of trial counsel where counsel coerced the petitioner into testifying falsely in order to support the counsel's heat of passion or self-defense theories and where counsel failed to advance the petitioner's claim of innocence.

A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981). Relief from a judgment or order under Federal Rules of Civil Procedure 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502 -503 (6th Cir. 2000). A party may not use Rule 60(b) "as an occasion to relitigate its case." *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004); *Barnes v. Clinton*, 57 F. App'x 240, 241 (6th Cir. Jan. 31, 2003); *see also* E.D. Mich. LR 7.1(g)(3) ("[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."). In addition, a motion under Rule 60(b) must be brought "within a reasonable time" and, in any event, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

To the extent the petitioner litigated his arguments in his initial petition, a relief is unwarranted to simply rehash those arguments. And to the extent the petitioner brings up any new arguments, the consideration of these arguments is foreclosed by the one-year time limitation built into Rule 60.

There is yet another reason for which the petitioner's motions must be denied. The petitioner's prior habeas corpus petition was adjudicated on the merits. The petitioner has not obtained from the Sixth Circuit court of appeals authorization to file a second or successive petition in this Court. *See* 28 U.S.C. § 2244(b)(3)(A). The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Supreme Court held that a motion which is styled as a motion for relief from judgment under Fed. R. Civ. P. 60(b) and that seeks to advance one or more substantive claims following a denial of a habeas petition is properly classified as a "second or successive habeas petition," requiring authorization from the Court of Appeals before filing. *Gonzalez v. Crosby*, 545 U.S. 524 (2005). Therefore, the Court lacks jurisdiction to consider a successive habeas petition when prior authorization for filing the successive petition has not been obtained from the court of appeals. *Id.*

Accordingly, it is **ORDERED** that the petitioner's motion to obtain relief from previous order [dkt # 50] and motion for appointment of counsel [dkt # 51] are **DENIED.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 4, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 4, 2008.

         s/Susan Pinkowski
         SUSAN PINKOWSKI